IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT MCKELL,<br><br>        Plaintiff,<br><br>vs.<br><br>THE STATE OF UTAH, et al.,<br><br>        Defendants. | ORDER and<br>MEMORANDUM DECISION<br><br>Case No. 2:10-CV-1011-TC<br><br>Judge Tena Campbell |

Robert McKell brought a § 1983 claim against the State of Utah and the Utah Department of Corrections (State Defendants), the Federal Bureau of Prisoners and the U.S. Attorney's Office (Federal Defendants), and Utah County Sheriff's Office (UCSO). Each Defendant has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

**BACKGROUND**

On March 15, 2010, Mr. McKell filed a complaint alleging violations of 42 U.S.C. § 1983.[1] In 2003, Mr. McKell's ex-wife filed an application for a protective order against him. A hearing on the protective order was held on April 29, 2003, but Mr. McKell did not appear.[2] At

---

[1] Mr. McKell filed his complaint in state court. He filed an amended complaint on July 14, 2010, alleging that Defendants deprived him of his constitutional rights protected by the Fifth Amendment and naming the Federal Defendants for the first time. The Defendants removed the case to Federal Court on October 13, 2010.

[2] At the time, Mr. McKell had post-concussion syndrome and was suffering from memory and speech difficulty, all as a result of prior neurological problems and a physical attack that Mr. McKell suffered on April 19, 2003.

the hearing, the Commissioner signed and executed the protective order against Mr. McKell. After the order was entered, Mr. McKell's ex-wife informed relatives working in the UCSO that Mr. McKell had weapons and ammunition at his home. Members of UCSO searched Mr. McKell's home, found weapons and ammunition, and placed Mr. McKell under arrest for violating the protective order.

Mr. McKell was placed in federal custody and remained there for twenty-two months. He contends that he was not given the opportunity to be heard on the charges and the validity of the protective order until November 2005. At the November hearing, the order was dismissed *nunc pro tunc* based on Mr. McKell's condition at the time of the order and the fact that the order was obtained on a contrived statement of facts. But Mr. McKell was not released from prison until July 2006.

Mr. McKell contends that each Defendant violated 42 U.S.C. § 1983: the State of Utah deprived him of his liberty by incarcerating him for twenty-two months without probable cause and without due process, the Utah Department of Corrections held him without due process, the Federal Bureau of Prisons held him without dues process, the U.S. Attorney's Office was complicit in the wrongful imprisonment by attempting to keep him in prison without due process, and the UCSO arrested him without probable cause. Each Defendant has filed a motion to dismiss on the basis that the named entities cannot be sued under § 1983. Mr. McKell requests leave to amend his complaint should the court grant the Defendants' motions.

**STANDARD OF REVIEW**

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court must presume the truth of all well-pleaded facts in the complaint,

but need not consider conclusory allegations. Tal v. Hogan, 453 F.3d 1244, 1252 (2006); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). A complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## ANALYSIS

**State Defendants**

Section 1983 provides a remedy against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. In order to be sued under § 1983, an entity must be a "person" as that term has been defined by the courts. Ambus v. Utah State Bd. of Educ., 858 P.2d 1372, 1376 (Utah 1993) (citing Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989)). "Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983." Harris v. Champion, 51 F.3d 901, 905-06 (10th Cir. 1995).

Because neither State Defendant is a "person" subject to suit under § 1983, the State Defendants' motion to dismiss (Dkt. No. 3) is GRANTED.

**Federal Defendants**

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." Block v. North Dakota, 461 U.S. 273, 287 (1983). Section 1983 does not waive sovereign immunity for an action against a federal agency. Belhomme v. Widnall, 127 F.3d 1214, 1217 (10th Cir. 1997) (42 U.S.C. § 1983 "applies to actions by state and

local entities, not to the federal government."); Kite v. Kelley, 546 F.2d 334, 337 (10th Cir. 1976) ("Section 1983 has no application to federal officers acting pursuant to federal law.").

Because the United States has not waived sovereign immunity to allow a civil action against a federal agency under § 1983, the Federal Defendants' motion to dismiss (Dkt. No. 12) is GRANTED.

**Utah County Sheriff's Office**

In order to be sued under § 1983, an entity must be a "person" as that term has been defined by the courts. Ambus, 858 P.2d at 1376 (citing Will, 491 U.S. at 71). "[B]odies politic and corporate," including municipalities and local government, are "among those persons to whom § 1983 applies." Monell v. Dept. of Social Servs., 436 U.S. 658, 688-90 (1978).

But "[s]heriff's departments . . . are not usually considered legal entities subject to suit." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985) (holding Denver Police Department not suable entity) vacated, 475 U.S. 1138 (1986) (remanding for consideration of mootness), vacated as moot, 800 F.2d 230 (10th Cir. 1986) (no controversy because plaintiff withdrew from case)). Capacity to sue or be sued is determined by the law of the state in which the district court is located. Fed. R. Civ. P. 17(b)(3). While a Utah statute expressly provides that a county may sue or be sued, Utah Code Ann. § 17-50-302(2)(a), there is no statutory or case authority supporting direct action against a county's subdivisions, such as its sheriff's departments. White v. Utah, 5 Fed. Appx. 852, 853 (10th Cir. 2001); see also Tyler v. Utah, No. 2:07-CV-4-TS-DN, 2008 WL 5390993, at *3 (D. Utah Dec. 23, 2008) ("As a subordinate agency of Salt Lake County, the Salt Lake County Sheriff's Office is not a separate legal entity with the capacity to sue or be sued.").

Because UCSO is a subordinate agency of Utah County and not a separate legal entity with the capacity to sue or be sued, UCSO's motion to dismiss (Dkt. No. 9) is GRANTED.

**Leave to Amend**

Although leave to amend should, in general, be freely given, the court "properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason." E.SPIRE Commc'ns, Inc. v. New Mexico Pub. Regulation Comm'n, 392 F.3d 1204, 1211 (10th Cir. 2004).

*Section 1983 Claims*

The Defendants contend that amending the complaint would be futile because Mr. McKell's § 1983 claims are barred by the statute of limitations.[3]

Civil rights actions brought under § 1983 must be brought within four years from the time the claim arose. Mishmash v. Murray City, 730 F.2d 1366, 1367 (10th Cir. 1984); see also Utah Code Ann. § 78B-2-307(3). Accrual occurs "when the plaintiff has 'a complete and present cause of action' . . . that is, when 'the plaintiff can file suit and obtain relief.'" Wallace v. Kato, 549 U.S. 384, 388 (2007) (citations omitted). The protective order against Mr. McKell was invalidated in November 2005. At this point, Mr. McKell became aware that the basis upon which he was incarcerated was no longer valid, and the statute of limitations began to run. But

---

[3]Mr. McKell would be required to bring a Bivens action, and not an action under § 1983, against the Federal Defendants. But "[a] Bivens action is subject to the limitation period for an action under 42 U.S.C. § 1983." Roberts v. Barreras, 484 F.3d 1236, 1238 (10th Cir. 2007). Although framed in terms of a § 1983 claim, the following discussion applies equally to any Bivens action Mr. McKell could bring.

Mr. McKell did not file his complaint until March 15, 2010, which is more than four years from when his cause of action accrued.

Mr. McKell contends that the four year statute of limitations did not begin to run until he was released from prison in July 2006, when his alleged false imprisonment ended. Because false imprisonment "consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*–when, for example, he is bound over by a magistrate or arraigned on charges." Wallace, 549 U.S. at 1096. To the extent that Mr. McKell's claims are for false imprisonment, his cause of action accrued once he became held pursuant to process. Mr. McKell alleges that he was "booked into jail," "put in federal custody," and arraigned prior to November 2005.[4] (Am. Compl. ¶¶ 22-24.) At this point, any false imprisonment ended and Mr. McKell's cause of action accrued.

Because Mr. McKell's cause of action accrued at the latest in November 2005 and he did not file his complaint until March 15, 2010 -- more than four years later -- any claim under § 1983 would be barred by the statute of limitations, making amendment futile.

*Federal Tort Claims Act*

The Federal Defendants additionally contend that amending the complaint to state a claim for false imprisonment under the Federal Tort Claims Act (FTCA) would be futile.

Under the FTCA "[a]n action shall not be instituted upon a claim against the United States" unless the claimant has filed an administrative claim and either received a final, written

---

[4]Although it is unclear when exactly Mr. McKell was arrested, booked, and arraigned, it occurred sometime between the protective order hearing in April 2003 and the November 2005 hearing during which the order was invalidated.

6

denial of the claim, or waited six months after filing the claim without receiving such denial. 28 U.S.C. § 2675(a). Even if Mr. McKell were to file the appropriate administrative claim, the tort claim against the United States would be barred because it was not "presented to the proper agency within two years of its accrual." Indus. Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir. 1994) (citing 28 U.S.C. § 2401(b) and Casias v. United States, 532 F.2d 1339, 1341 (10th Cir. 1976)). Regardless of whether Mr. McKell's cause of action accrued upon the dismissal of the protective order in November 2005 or his release from prison in July 2006, the two year time period during which Mr. McKell could file an administrative claim has passed.

For the above reasons, any attempt to amend the complaint would be futile. Accordingly the court DENIES Mr. McKell's request for leave to amend.

## CONCLUSION

The court GRANTS each Defendants' motion to dismiss (Dkt. Nos. 3, 9, and 12) and DENIES Mr. McKell's request for leave to amend his complaint. Accordingly, the court directs the Clerk of the Court to close the case.

SO ORDERED this 14th day of April, 2011.

BY THE COURT:

_/s/ Tena Campbell_
TENA CAMPBELL
United States District Judge